O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT (filed 10/17/2011, 10/19/2011, 11/3/2011)

## I.     INTRODUCTION

On April 11, 2011, plaintiffs Francisco Cornejo and Dilcia Cornejo (collectively the "Cornejos" or "plaintiffs") filed a complaint in the Los Angeles County Superior Court against JPMorgan Chase Bank ("JPMorgan Chase"; erroneously sued as "JP Morgan Chase Bank"), successor-in-interest to Washington Mutual Bank ("WAMU"); MTC Financial, Inc. dba Trustee Corps ("MTC"); Federal Home Loan Mortgage Corporation ("Freddie Mac"); Quality Loan Service Corporation ("Quality Loan"); and Does 1–50. Freddie Mac timely removed to this Court on May 13, 2011.[1] On September 13, 2011, the Court dismissed plaintiffs' claims for (1) violation of California Business and Professions Code § 17200 et seq. ("UCL"), (2) unjust enrichment, (3) fraudulent misrepresentation, and (4) negligent misrepresentation with leave to amend.[2] Plaintiffs voluntarily dismissed defendant Quality Loan on September 21, 2011. On October 5, 2011, plaintiffs filed a First Amended Complaint ("FAC") against the three remaining

---

[1] Freddie Mac removed this action pursuant to 12 U.S.C. § 1452(f), which provides that any civil action in a state court to which Freddie Mac is a party may be removed at any time before trial to the United States District Court for the District embracing the place where the action is pending. Without Freddie Mac in the instant action, this Court would not have federal question or diversity subject matter jurisdiction.

[2] Defendant Wells Fargo was dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

defendants alleging violations of California's UCL as their sole claim for relief.

On October 17, 2011, MTC filed a motion to dismiss the FAC; on October 19, 2011, Freddie Mac filed a motion to dismiss the FAC; and on November 3, 2011, Chase filed a motion to dismiss the FAC. Plaintiffs untimely filed three separate oppositions on December 2, 2011. MTC filed its reply on December 5, 2011; and Freddie Mac and Chase filed separate replies on December 7, 2011.

After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.     BACKGROUND**

In 1999, the Cornejos purchased real property located at 10007 Bowman Avenue, South Gate, California, 90280-6230 ("Property") for approximately $168,610.00. FAC ¶ 17. In 2003, they applied and were approved for a mortgage loan from WAMU secured by a deed of trust on the Property totaling $187,500.00, which was to be paid over the next 30 years. Id. ¶ 19. On May 22, 2004, the Cornejos requested and received another mortgage loan in the amount of $128,000.00, secured by a deed of trust on the Property recorded on July 2, 2004. Id. ¶ 20. On August 5, 2005, plaintiffs received a mortgage loan in the amount of $318,000.00 from WAMU and used its proceeds to pay off the previous deeds of trust. Id. ¶ 21. On September 22, 2005, plaintiffs received a line of equity loan from WAMU in the amount of $150,000.00. Id. ¶ 22.

Francisco Cornejo lost his job in 2008. Id. ¶ 23. On December 24, 2009, plaintiffs received correspondence from Chase regarding the possibility of their qualification for a Home Affordable Modification Trial Period Plan ("Trial Plan"). Id. ¶ 24. The Trial Plan required plaintiffs to make modified monthly payments on his loan while Chase reviewed his modification package "to determine whether [plaintiffs] qualify for the offer described in this Plan." Id., Exh. F at 1. After entering into a Trial Plan, plaintiffs made reduced mortgage payments for nine months. Id. ¶ 25. The Trial Plan contract provided that trial payments "shall be applied to the amounts [plaintiffs] owe under the Loan Documents and shall not be refunded to me" in the event plaintiffs did not qualify for a permanent modification plan. Id. § 2(F). Plaintiffs further agreed that Chase "will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

[plaintiffs] do not qualify or if [plaintiffs] fail to meet any one of the requirements under this Plan." Id. § 2(G).

On November 30, 2011, Chase sent plaintiffs a letter denying their request for a permanent mortgage loan modification. Id. ¶ 26. The letter states that the lender did not approve of the modified loan's estimated cash flow based on a calculation of plaintiffs' income and loan facts (such as interest rate and months delinquent). Id. Exh. G at 1. The letter further states that plaintiffs had an opportunity within 30 days of receiving the correspondence to request further details regarding why they were denied a permanent modification. Id. Plaintiffs do not allege that they took advantage of this offer.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    **B.    Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

## IV. DISCUSSION

The gist of plaintiffs' FAC is that Chase induced plaintiffs into entering the Trial Plan without ever intending to offer a permanently modified plan in order "to recover as much money from Plaintiffs as possible before foreclosing on their home, amounting to a 'double recovery' of sorts." FAC ¶ 29. Plaintiffs allege that MTC and Freddie Mac had "full knowledge" of the alleged conspiracy to "trick" plaintiffs into making Trial Plan payments yet "still proceeded with the foreclosure process" because they "had much to gain financially." Id. ¶¶ 30, 34, 37–38, 52. Plaintiffs aver that this alleged scheme violates the "unfair" and "fraudulent" prongs of California's UCL; specifically, plaintiffs allege that the scheme is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and is thus "an unfair business practice," and further allege that the plan is "likely to mislead the general public" and therefore constitutes "a fraudulent business act or practice." Id. ¶¶ 44, 54–55.

Chase argues this case should be dismissed because, inter alia, plaintiffs have not pled violations of UCL's "fraudulent" prong with sufficient particularity and has not alleged any facts to support a claim for relief under the UCL's "unfair" prong. Chase Mot. at 8–10; Reply at 2, 6 (citing Nungaray v. Litton Loan Servicing, LP, --- Cal. Rptr. 3d ---, 2011 WL 5843092 (Cal. Ct. App. Nov. 22, 2011)). Chase also asserts that plaintiffs lack standing because they have not "demonstrate[d] injury in fact *and* a loss of money or property caused by unfair competition." Id. at 7 (quoting Peterson v. Cellco

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

P'ship, 164 Cal. App. 4th 1583, 1590 (Cal. Ct. App. 2008) (emphasis in original)). MTC contends that it should be dismissed because, as agent for the beneficiary under the Deed of Trust, its actions were privileged under California law. MTC Mot. at 7–9. Further, MTC argues that it was not a part of the Trial Plan offered by Chase. Id. at 13. Freddie Mac also contends that it should be dismissed because it had nothing to do with the Trial Plan. FM Mot. at 6–7.

In opposition, plaintiffs contend that they have adequately pled standing to withstand a motion to dismiss. Pl. Opp'n to Chase Mot. at 8 (quoting FAC ¶ 58 as stating "Plaintiffs have lost money and property and suffered injury in fact"). Moreover, plaintiffs argue that the FAC alleges "fraudulent" conduct with particularity because defendants "enter[ed] into several loans with [p]laintiffs with the knowledge [that] [p]laintiffs were unable to afford the loan and the intent to inevitably someday foreclose on the Subject Property." Id. at 10. Plaintiffs argue that MTC and Freddie Mac are separately liable as "aider[s] and abettor[s]" through their "knowing participation in the on-going [sic] conspiracy." Pl. Opp'n to FM Mot. at 9.

The Court finds that dismissal is appropriate for three reasons. First, as to standing under the UCL, plaintiffs must allege that defendants' wrongful conduct resulted in a loss of money or property. See DeLeon v. Wells Fargo Bank, N.A., 2011 WL 311376, *7 (N.D. Cal. Jan. 28, 2011). In DeLeon, the plaintiffs argued that Wells Fargo "falsely represented that it would complete a loan modification agreement and that no foreclosure sale would occur while the loan modification was pending." Id. at *6. The court held that plaintiffs lacked standing under California's UCL because there was no factual basis "suggesting that [p]laintiffs could have cured the default in the fall of 2009" and that plaintiffs lost their home not because of Wells Fargo's alleged misrepresentation, but "because they became unable to keep up with monthly payments." Id. at *7. Thus, although the court "underst[ood] plaintiffs' frustrations with Wells Fargo's seemingly contradictory statements and actions, it does not appear that this conduct resulted in a loss of money or property" and therefore plaintiffs lacked standing. Id. Here, plaintiffs have merely alleged that they suffered "lost money and property and suffered injury in fact." FAC ¶ 58. Plaintiffs must, however, tether those allegations to facts supporting a finding that their alleged injury resulted from defendants' wrongful conduct, and not from plaintiffs' inability to pay their mortgage. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

Second, although the question of whether a defendant violated the "fraudulent" prong of California's UCL normally requires simple allegations that members of the public are "likely to be deceived," any claim that is "grounded in fraud" must nevertheless meet the heightened pleading standards of Fed. R. Civ. P. 9(b). Vess, 317 F.3d at 1103–04 ("In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. . . . In such cases, . . . the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirement."). Compare Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (Cal. Ct. App. 2008) ("The term 'fraudulent' as used in section 17200 does not refer to the common law tort of fraud but only requires a showing [that] members of the public are likely to be deceived.") (internal quotation marks and citations omitted) with Stickrath v. Globalstar, Inc., 527 F. Supp. 2d 992, 998 (dismissing UCL and CLRA claims for failure to plead with particularity under Rule 9(b) because the complaint alleged a "unified course of fraudulent conduct"). Here, plaintiffs allege that defendants "conspir[ed]" to "trick" plaintiffs into entering the Trial Plan by "misrepresenting and concealing material information regarding the servicing of loans, and by taking steps and making statements in furtherance of their wrongdoing. . . ." FAC ¶¶ 30, 38. Plaintiffs further allege that Chase "made oral representations that caused [p]laintiffs to believe and rely on those representations" in entering into the Trial Plan. Id. ¶ 46.[3] These allegations are "grounded in fraud" in that they allege defendants' willful and repeated misrepresentations in an effort to induce plaintiffs' reliance and therefore must meet the heightened pleading requirements of Rule 9(b). Vess, 317 F.3d at 1103. "To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would

---

[3]At oral argument, Chase reiterated its position that the Nungaray case compels this Court to dismiss with prejudice. In Nungaray, the California Court of Appeal upheld dismissal of plaintiff's breach of contract and quiet title claims because, inter alia, a trial modification plan does not obligate a bank to grant permanent modification. --- Cal. Rptr. 3d ---, 2011 WL 5843092 at *3–4. In contrast to Nungaray which involved a breach of contract claim, plaintiffs here have alleged violations of California's UCL. Among their allegations are that Chase "made oral representations that caused [p]laintiffs to believe and rely on those representations" that a permanent modification would be granted. FAC ¶ 46. Although plaintiffs have not pled these alleged fraudulent misrepresentations with particularity, see infra, those facts distinguish it from Nungaray.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citation omitted). Here, however, plaintiffs have failed to allege the who, what, where, and why of the misrepresentations; instead, they simply lump all "defendants" together. Plaintiffs must plead the precise statements that induced them into accepting the Trial Plan, when they were made, and by whom they were made. Accordingly, dismissal of plaintiffs' UCL claim is warranted insofar as it arises out of the "fraudulent" prong. See id. (affirming dismissal for failure to satisfy Rule 9(b)).

Third, to establish a violation of the UCL's "unfair" prong, a plaintiff must allege conduct that "offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Scripps Clinic v. Superior Court, 108 Cal. App. 4th 917, 938 (Cal. Ct. App. 2003) (internal quotation marks and citation omitted). A plaintiff must allege facts showing the unfair nature of the conduct, and that "the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1555 (Cal. Ct. App. 2007) (internal quotation marks and citation omitted). Here, plaintiffs allege that defendants violated the "unfair" prong of the UCL by engaging in practices that are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . ." FAC ¶ 55. That, however, is merely a "formulaic recitation of the elements of [the] cause of action." Twombly, 550 U.S. at 555. Plaintiffs must allege why the conduct was unfair, whether the injury is substantial and not outweighed by any countervailing benefits, and that it was not an unavoidable injury. Berryman, 152 Cal. App. 4th at 1555. As it stands, the FAC has not "raise[d] a right to relief above the speculative level" and must be dismissed. Twombly, 550 U.S. at 555.[4]

---

[4] Because MTC and Freddie Mac's liability as coconspirators or aiders and abettors hinges on an underlying wrong by Chase, dismissal is proper as to each defendant. Should plaintiffs choose to amend their complaint, they are directed to indicate the bases for liability against each defendant specifically. As to MTC, plaintiffs must allege why its actions in relation to the foreclosure, as agent for the beneficiary, are not privileged. See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333–34 (Cal. Ct. App. 2008) (holding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4119 CAS (VBKx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, defendants' motions to dismiss are GRANTED. Because it is not certain that amendment would be futile, dismissal is with leave to amend.  Plaintiffs shall have twenty (20) days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | RS |

---

that a trustee's performance of statutory procedures in a non-judicial foreclosure is subject to qualified  privilege under Cal. Civ. Code § 47(c)(1), overcome only by proof of malice); cf. Garretson v. Post, 156 Cal. App. 4th 1508, 1517 (Cal. Ct. App. 2007) (holding an absolute privilege exists under Cal. Civ. Code § 47(b)).  As to Freddie Mac, plaintiffs must first allege facts supporting the notion that Chase is Freddie Mac's loan servicing agent, and, if so, how any alleged misrepresentations by Chase could be imputed to Freddie Mac in light of the Merrill doctrine.  See Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); Medrala v. Crown Mortg. Co., 955 F.2d 1132, 1140–41 (7th Cir. 1992) (applying the Merrill doctrine to protect Freddie Mac from the unauthorized acts of its loan servicers).  Failure to do so will result in dismissal with prejudice.