UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                              Andrea Winternitz
                                                                   Andrew Scoble
                                                                   Kimberly Moses

Proceedings:   **DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT** (filed 1/17/2012, 1/20/2012, 1/30/2012)

## I.   INTRODUCTION

On April 11, 2011, plaintiffs Francisco Cornejo and Dilcia Cornejo (collectively the "Cornejos" or "plaintiffs") filed a complaint in the Los Angeles County Superior Court against JPMorgan Chase Bank ("JPMorgan Chase"), erroneously sued as "JP Morgan Chase Bank," as successor-in-interest to Washington Mutual Bank ("WAMU"); MTC Financial, Inc. dba Trustee Corps ("MTC"); Federal Home Loan Mortgage Corporation ("Freddie Mac"); Quality Loan Service Corporation ("Quality Loan"); and Does 1–50.  Freddie Mac timely removed to this Court on May 13, 2011.[1]  On September 13, 2011, the Court dismissed plaintiffs' claims for (1) violation of California Business and Professions Code § 17200 et seq. ("UCL"), (2) unjust enrichment, (3) fraudulent

---

[1] Freddie Mac removed this action pursuant to 12 U.S.C. § 1452(f), which provides that any civil action in a state court to which Freddie Mac is a party may be removed at any time before trial to the United States District Court for the District embracing the place where the action is pending.  Without Freddie Mac in the instant action, this Court would not have federal question or diversity subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

misrepresentation, and (4) negligent misrepresentation with leave to amend.[2] Plaintiffs voluntarily dismissed defendant Quality Loan on September 21, 2011.

On October 5, 2011, plaintiffs filed a First Amended Complaint ("FAC") against the three remaining defendants alleging violations of California's UCL as their sole claim for relief. On December 12, 2011, the Court granted defendants' motion to dismiss the FAC with leave to amend. Dkt. No. 67.

On January 3, 2012, plaintiffs filed a Second Amended Complaint ("SAC") against the same three defendants – JPMorgan Chase, MTC, and Freddie Mac – again alleging violations of California's UCL as their sole claim for relief. On January 17, 2012, Freddie Mac filed a motion to dismiss the SAC; on January 20, 2012, MTC filed a motion to dismiss the SAC; and on January 30, 2012, JPMorgan Chase filed a motion to dismiss the SAC. Plaintiffs filed separate oppositions on February 6, 2012. Defendants filed separate replies on February 13, 2012. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. BACKGROUND

In 1999, the Cornejos purchased real property located at 10007 Bowman Avenue, South Gate, California, 90280-6230 ("Property") for approximately $168,610.00. SAC ¶ 18–19. In 2003, they applied and were approved for a mortgage loan from WAMU secured by a deed of trust on the Property totaling $187,500.00, which was to be paid over the next 30 years. Id. ¶ 21. On May 22, 2004, the Cornejos requested and received another mortgage loan in the amount of $128,000.00, secured by a deed of trust on the Property recorded on July 2, 2004. Id. ¶ 22. On August 5, 2005, plaintiffs received a mortgage loan in the amount of $318,000.00 from WAMU and used its proceeds to pay off the previous deeds of trust. Id. ¶ 23. On September 22, 2005, plaintiffs received an equity of credit from WAMU in the amount of $150,000.00. Id. ¶ 24.

Francisco Cornejo lost his job in 2008. Id. ¶ 25. On December 24, 2009, plaintiffs received correspondence from JPMorgan Chase regarding the possibility of their

---

[2] Defendant Wells Fargo was dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

qualification for a Home Affordable Modification Trial Period Plan ("Trial Plan"). Id. ¶ 26. The Trial Plan required plaintiffs to make modified monthly payments on their loan while JPMorgan Chase reviewed their modification package "to determine whether [plaintiffs] qualify for the offer described in this Plan." FAC, Exh. F. After entering into a Trial Plan, plaintiffs made reduced mortgage payments for nine months. SAC ¶ 27. The Trial Plan contract provided that trial payments "shall be applied to the amounts [plaintiffs] owe under the Loan Documents and shall not be refunded to [them]" in the event plaintiffs did not qualify for a permanent modification plan. FAC, Exh. F. Plaintiffs further agreed that JPMorgan Chase "will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that [plaintiffs] do not qualify or if [plaintiffs] fail to meet any one of the requirements under this Plan." Id.

On November 30, 2011, JPMorgan Chase sent plaintiffs a letter denying their request for a permanent mortgage loan modification. SAC ¶ 26. The letter states that the lender did not approve of the modified loan's estimated cash flow based on a calculation of plaintiffs' income and loan facts (such as the interest rate and number of months delinquent). FAC, Exh. G. The letter further states that plaintiffs had an opportunity within 30 days of receiving the correspondence to request further details regarding why they were denied a permanent modification. Id. Plaintiffs do not allege that they took advantage of this offer.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

## IV.  DISCUSSION

Plaintiffs allege that JPMorgan Chase induced plaintiffs into entering the Trial Plan without ever intending to offer a permanently modified plan in order to recover more money from them before initiating foreclosure, and that MTC and Freddie Mac had full knowledge of the alleged unfair and fraudulent conduct.  SAC ¶¶ 31, 36–39.  These actions, according to plaintiffs, violated the fraudulent and unfair prongs of California's UCL.  Id. ¶ 44.

JPMorgan Chase argues that the case should be dismissed because plaintiffs fail to remedy deficiencies in the FAC, particularly because plaintiffs have not alleged facts showing actual injury, plaintiffs' fraudulent claims fail to meet the heightened pleading standard under Rule 9(b), and plaintiffs' unfair conduct claim is conclusory.  See generally JPMorgan Chase Mot. at 10–19.  MTC argues that dismissal is warranted for the same reasons, and alternatively asserts that its conduct was privileged because it acted as agent for a disclosed principal.  MTC Mot. at 8–11. Freddie Mac contends that it should be dismissed because plaintiffs fail to show why Freddie Mac should be liable for the alleged misrepresentations of JPMorgan Chase.  Freddie Mac Mot. at 5–9.

In opposition, plaintiffs argue that the loan origination process was unconscionable, rather than addressing the Trial Plan at issue in the SAC.³  Opp'n at 6–7. In response to defendants' arguments regarding particularity, plaintiffs simply state that they have "clearly and specifically pled facts to support" the claim.  Id. at 8. Furthermore, they discuss new claims of unjust enrichment and promissory estoppel, which are not pled in the SAC.  Id. at 9–10.⁴

---

³The Court previously dismissed the original complaint, which asserted this theory of unconscionability.  See Dkt. No. 38.

⁴New allegations in an opposition motion are not considered in a Rule 12(b)(6) dismissal, because the Court is not permitted to look beyond the complaint to a plaintiff's moving papers.  Schneider v. Calif. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

    The Court finds that plaintiffs' SAC should be dismissed. As to the UCL's fraudulent prong, the Court previously found plaintiffs' FAC insufficient to meet Rule 9(b)'s heightened pleading standard. Specifically, in its December 12, 2011, order, the Court found that plaintiffs had failed to allege "the who, what, where, and why of the misrepresentations," and directed plaintiffs to "plead the precise statements that induced them into accepting the Trial Plan, when they were made, and by whom they were made." Dkt. No. 67 at 8. Plaintiffs have not cured any of these defects in the SAC. Although plaintiffs allege they obtained the Trial Plan through a third party real estate broker by the name of Alfredo Gonzalez, they acknowledge that they "cannot currently allege the precise statements that induced them into accepting the Trial Plan" and that they "will not know until discovery[] the specifics regarding the details of the representative's statements." SAC ¶¶ 48, 50. Once again, these averments fail to meet the heightened pleading requirements of Rule 9(b), because they do not identify any specific details about the alleged misrepresentations, or even point to any particular statements that allegedly led them to believe they would receive a permanent loan modification. See Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged."). Plaintiffs' assertion that they will "not know until discovery" the specific misrepresentations made is precisely what Rule 9(b) seeks to prevent. See Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985) (finding that one of the purposes of Rule 9(b) is to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs). Accordingly, plaintiffs' UCL claim under the fraudulent prong fails as a matter of law.

    The Court also finds that plaintiffs' UCL claim must be dismissed insofar as it arises out of the unfair prong. In its December 12, 2011, order, the Court found plaintiffs' FAC insufficient to establish a violation of the UCL's unfair prong because plaintiffs failed to adequately allege standing and had merely recited the claim's elements in conclusory terms. Dkt. No. 67. The Court directed plaintiffs to tether their allegation that they had "lost money and property and suffered injury in fact" to additional facts "supporting a finding that their alleged injury resulted from defendants' wrongful conduct, and not from plaintiffs' inability to pay their mortgage." Id. at 6. The Court also instructed plaintiffs to "allege why the conduct was unfair, whether the injury is substantial and not outweighed by any countervailing benefits, and that it was not an unavoidable injury." Id. at 7. In the SAC, plaintiffs allege they lost money based on the fact that the reduced loan payments made under the Trial Plan were not returned to them,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

and that they lost property because their home was ultimately foreclosed upon. SAC ¶ 62–65. Plaintiffs allege this injury was unavoidable because they "believed [JPMorgan Chase] that these payments under this Plan would allow them to received a permanent modification, and, thus, allow them to maintain the Subject Property." Id. Plaintiffs also allege that "[JPMorgan Chase's] conduct was unfair because [JPMorgan Chase] led Plaintiffs to believe that the Trial Plan, if adhered to, would result in a permanent modification, thus resulting in Plaintiffs being able to maintain the Subject Property." SAC ¶60.

As with the FAC, the SAC fails to adequately allege standing, because plaintiffs do not show how defendants' alleged wrongful conduct caused any loss of money or property. See DeLeon v. Wells Fargo Bank, N.A., 2011 WL 311376, *7 (N.D. Cal. Jan. 28, 2011) (dismissing plaintiffs' UCL claim due to lack of standing where plaintiffs failed to provide a factual basis for the allegation that their loss of property was a result of defendant's conduct, and not the result of their own failure to make payments on their loan to cure the default). The language of the Trial Plan contract contradicts the claim that permanent modification was guaranteed. The "Home Affordable Modification Trial Period Plan" document signed by plaintiffs explicitly states:

> I understand that this Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement . . . I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that I do not qualify or if I fail to meet any one of the requirements under this Plan.

FAC, Ex. F at 3.

JPMorgan Chase then sent plaintiffs a letter on November 30, 2010, denying their request for a permanent modification. FAC, Ex. G. The letter explained the formula used in the process of determining who qualifies, and stated that their results did not meet the requirements needed for modification approval. Id. The letter also offered plaintiffs 30 days to request the calculations used, and gave them time to submit any new evidence if the information used in the calculations was inaccurate. Id. Plaintiffs have not claimed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
|---|---|---|---|
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

that they exercised this option. Accordingly, plaintiffs' averment that the Trial Plan was "guaranteed" to result in a permanent modification is unavailing.

Plaintiffs also allege that they suffered substantial injury because JPMorgan Chase "refused to return" the payments plaintiffs made under the Trial Plan.[5] SAC at ¶63. However, language in the Trial Plan expressly states that "any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me." FAC, Ex. F. As to the ultimate foreclosure on their home, plaintiffs have not set forth any facts showing that foreclosure was avoidable. At the time they entered the Trial Plan, plaintiffs could no longer afford to make payments on their mortgage. SAC ¶25. Without some factual basis to show that plaintiffs could have avoided foreclosure, the Court cannot reasonably infer that JPMorgan Chase's alleged misconduct resulted in the loss of their home. See DeLeon, 2011 WL 311376, *7 (holding that, without some factual basis suggesting that plaintiffs could have cured the default on their loan, the Court could not infer that Wells Fargo's alleged misrepresentations resulted in the loss of plaintiffs' home).

Accordingly, plaintiffs' allegations fail to demonstrate standing to proceed under the unfair prong of the UCL.[6] See id.

---

[5] In their opposition, plaintiffs allege loss of money "in paying a fee, to [JPMorgan Chase] because of the actions of [WAMU]." Plaintiffs' Opp'n at 8. This vague reference to a fee also fails to establish standing because plaintiffs do not point to any alleged wrongful conduct by defendants that resulted in this unknown fee being charged. Plaintiffs do not mention the amount of this fee or why it was charged. It is also unclear if this alleged fee relates at all to the Trial Plan that forms the basis of the claims in the SAC, or if it relates to the origination of the loan. Regardless, it was not pled in the SAC. Schneider, 151 F.3d at 1197 n.1; see also Tharpe v. Diablo Valley College, 2011 WL 4080961 *2 (N.D. Cal. Sept. 13, 2011) ("Plaintiff cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss.").

[6] Plaintiffs' allegations also continue to be too conclusory. Plaintiffs have not pointed to the particular conduct that supposedly led them to believe that a permanent modification was guaranteed. "A plaintiff's obligation to provide the 'grounds' of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 11-4119 CAS (VBKx) | Date | February 27, 2012 |
| Title | FRANCISCO CORNEJO, ET AL. v. JPMORGAN CHASE BANK, ET AL. | | |

Finally, because MTC and Freddie Mac's, liability as coconspirators or aiders and abettors hinges on an underlying wrong by JPMorgan Chase, and because the Court finds that any claim against JPMorgan Chase fails as a matter of law, MTC and Freddie Mac must also be dismissed.  Dkt. No. 67.

**V. CONCLUSION**

In accordance with the foregoing, defendants' motions to dismiss are GRANTED. Because further amendment would be futile, dismissal is with prejudice.  Lopez, 203 F.3d at 1127.

IT IS SO ORDERED.

| | | 00 | : | 01 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |

---

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.  Without any information about this alleged "conduct," the Court cannot determine if it qualifies as a potential violation of the "unfair" prong of the UCL.